Emmanuel M Lockett

Plaintiff,

versus

JUDWIN PROPERTIES, INC.,

HOOVER SLOVACEK LLP,

HOWARD M. BOOKSTAFF, in his individual and

corporate capacity,

Defendants.

United States Courts
Southern District of Texas
F I L E D

OCT 20 2021

Nathan Ochsner, Clerk of Court

ORIGINAL COMPLAINT

1. This is an action for actual damages, statutory damages, and attorney fees for violations of the Fair Credit Reporting Act, the Fair Credit Billing Act, the Fair Debt Collection Practice Act, the Truth in Lending Act, 15 U.S.C § 1666 and Regulation Z issued thereunder.

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1640(e), 15 U.S.C. § 1692k, 15 U.S.C. § 1681n, 28 U.S.C §§ 1331 and 1367. The Court has authority to issue a declaratory judgement by virtue of 28 U.S.C. § 2201.

3. Defendant Judwin Properties, INC is a business entity with offices at 4295 San Felipe Street, Suite 370, Houston, TX 77027. Defendant Hoover Slovacek LLP is a business entity with offices at 5051 Westheimer Road, Suite 1200, Houston, TX 77056. Defendant

1

Howard M. Bookstaff is an individual and corporate capacity with offices at 5051 Westheimer Road, Suite 1200, Houston, TX 77056.

4. Plaintiff is a natural person, residing at c/o 8000 Creekbend Drive, Apt 519, Houston, TX 7707, Who entered a Consumer Credit Sale, with defendant Judwin Properties, INC for personal, family, and household purposes.

5. At all times relevant hereto, defendant, in the ordinary course of business, regularly extends credit sales pursuant to a Consumer lease. On which the defendant assessed finance charges.

6. Judwin Properties, INC is or should be practicing under the umbrella of the Truth in Lending Act. This Act prohibits creditors from using deceptive practices. It requires Creditors to disclose certain information such as adequate cost disclosures for the use of personal property for personal, family, or household purposes. The fact is Judwin Properties, INC has never disclosed who the Original Creditor is or what is the true cost of credit. Judwin Properties, INC fraudulently, knowingly, and willfully violate the Truth in Lending Act by taking the Act and using it in a way to undermine the plaintiff, a natural person. I, being a natural person have explicit rights. I'm suffering. I have been denied any information from Judwin Properties, INC., Hoover Slovacek LLP, and Howard M. Bookstaff. Due to the non-disclosure of the said information and the violations of TILA I am seeking relief from the Court.

7. Judwin Properties, INC. has created fraudulent Consumer Leases.

8. TILA defines a "consumer lease" as "means a contract in the form of a lease or bailment for the use of personal property by a natural person for a period of time exceeding four months, and for a total contractual obligation not exceeding $50,000,[1] primarily for

2

personal, family, or household purposes, whether or not the lessee has the option to purchase or otherwise become the owner of the property at the expiration of the lease, except that such term shall not include any credit sale as defined in section 1602(g) [2] of this title. Such term does not include a lease for agricultural, business, or commercial purposes, or to a government or governmental agency or instrumentality, or to an organization."

9. 15 U.S.C. § 1667(2) "lessee" "means a natural person who leases or is offered a consumer lease."

10. 15 U.S.C. § 1667(3) "lessor" "means a person who is regularly engaged in leasing, offering to lease, or arranging to lease under a consumer lease."

11. 15 U.S.C. § 1667(4) "personal property" "means any property which is not real property under the laws of the State where situated at the time offered or otherwise made available for lease."

12. 15 U.S.C. § 1667(5) "security" and "security interest" mean any interest in property which secures payment or performance of an obligation.

13. Judwin Properties, INC. has ignored my right to rescind the fraudulent lease agreement. Judwin Properties is still harassing me about paying a debt that is not owed.

14. Defendant seeking rescission of the loan under TILA. See 15 U.S.C. § 1635(i)(4). "Notice Of Recession/Right to Cancel."

15. The Plaintiff is a credit consumer and is subject to the disclosure requirements of TILA, 15 U.S.C. § 1601, *et seq.*, and all related regulations, commentary, and interpretive guidance promulgated by the Federal Reserve Board.

16. The Defendants violated TILA and its implementing regulation, 12 C.F.R. § 1026 ("Regulation Z"), by failing to verify Plaintiff's ability to pay through documented income and assets and were driven by predatory urge of evict Plaintiff.

17. Plaintiffs has been injured and has suffered a monetary loss arising from Defendants' violations of TILA.

18. Judwin Properties INC., Hoover Slovacek LLP, and Howard M. Bookstaff has violated the Fair Debt Collection Practice Act. All (3) entities are debt collectors.

19. The FDCPA defines a "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."

20. The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6) (emphasis added); see *Barbato v. Greystone All., LLC*, Civil Action No. 3:13-2748, 2017 U.S. Dist. LEXIS 172984 (M.D. Pa. Oct. 19, 2017); *Tepper v. Amos Fin., LLC*, No. 15-cv-5834, 2017 U.S. Dist. LEXIS 127697 *20-22 (E.D. Pa. Aug. 9, 2017).

21. Defendants Hoover Slovacek LLP and Howard M. Book staff is or was Judwins Properties, INC. law firm and attorney, acting on behalf of Judwin Properties to collect a debt that is not owed to them. At all times material to this Complaint, acting alone or in concert with others, Defendants Hoover Slovacek LLP and Howard M. Book staff has formulated, directed, controlled, had the authority to control, or participated in the acts

and practices set forth in this Complaint. I, Plaintiff natural person has no contractual obligation with Defendants Hoover Slovacek LLP and Howard M. Bookstaff. I have sent both parties a cease and desist which they have failed to comply with and continue to harass and oppress me the consumer natural person.

22. Defendants have violated 15 U.S.C. § 1692e "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (2) The false representation of— (A) the character, amount, or legal status of any debt; or (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt. (3) The false representation or implication that any individual is an attorney or that any communication is from an attorney. (4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful, and the debt collector or creditor intends to take such action. 5) The threat to take any action that cannot legally be taken or that is not intended to be taken. (6) The false representation or implication that a sale, referral, or other transfer of any interest in a debt shall cause the consumer to— (A) lose any claim or defense to payment of the debt; or (B) become subject to any practice prohibited by this subchapter."

23. The Defendants failed to provide the Plaintiff, either orally in their initial communication with the consumer or in writing within five days after the initial oral communication, a notice containing (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer disputes the debt, the debt will be

5

assumed valid; (4) a statement that if the consumer disputes all or part of the debt in writing within 30 days, Defendants will obtain verification of the debt and mail it to the consumer. (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

24. If a consumer notifies a debt collector in writing that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except— (1) to advise the consumer that the debt collector's further efforts are being terminated; (2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or (3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy. If such notice from the consumer is made by mail, notification shall be complete upon receipt.

25. Despite the provisions of the law, the Defendants has continued to bombard the Plaintiff with mailed letters and placing letters on the plaintiff's door on the collection of a debt payment, despite the clear communication of the cease and desist.

Plaintiff sent Judwin Properties, INC., an Affidavit of Truth challenging and seeking verification of the alleged debt. However, the defendants did not, within thirty days after receiving plaintiff's notice investigate and correct or explain the charges, defendants were required by 15 U.S.C §1666(a)(3)(A) to send plaintiff a written acknowledgement of its receipt of plaintiff's notice within that period. Defendants failed to send this acknowledgement.

26. Defendant did not, within two complete billing cycles after receipt of the notice either correct the error and transmit to the plaintiff a notification of the corrections or investigate the error and send to plaintiff a written explanation.

27. Despite its receipt of the palintiff's billing error notice, and before meeting the requirements of 15 U.S.C. § 1666 to either correct the error or investigate and send an explanation of the charges, defendant took action to collect the disputed amount by emailing and sending plaintiff notices demanding payment.

28. Judwin Properties, INC., has continuously allowed its affiliated company Factual Data to furnish my Consumer report from the Consumer reporting agencies without my consent. Every month Judwin Properties, INC., Furnishes this personal information.

29. Judwin Properties INC. is indeed furnishing my Consumer report to initiate a Consumer transaction. This is a direct violation of the FCRA.

30. In numerous instances, in connection with the collection of debts, Defendants engage in conduct the natural consequence of which is to harass, oppress, or abuse consumer. The Defendants intentions were to deceive and undermined the consumer.

31. The Defendant's actions were part of a pattern to or practice of failure to comply with its obligations under the Fair Credit Billing Act, the Truth in Lending Act, the Fair Debt Collection Practice Act, and The Fair Credit Reporting Act.

## COUNT 1

### Abusive Collection Practices

1. In numerous instances, in connection with the collection of debts, Defendants engage in conduct the natural consequence of which is to harass, oppress, or abuse consumers, in

violation of Section 806 of the FDCPA, 15 U.S.C. § 1692d, including, but not limited to, by placing telephone calls without meaningful disclosure of the caller's identity, in violation of Section 806(6) of the FDCPA, 15 U.S.C. § 1692d (6).

## COUNT 2

### Failure to Provide a Validation Notice

2. In numerous instances, in connection with the collection of debts, Defendants fail to send consumers, within five days after the initial communication with consumers, a written notice containing (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed in violation of Section 809(a) of the FDCPA, 15 U.S.C. § 1692g(a).

## COUNT 3

### Failure to Disclose the Truth in Lending

3. The disclosure statement issued in conjunction with this consumer credit transaction violated the requirements of Truth in Lending and Regulation Z in the following and other respects: a. By failing to provide the required disclosures prior to consummation of the transaction in violation of 15 U.S.C. § 1638(b) and Regulation Z § 226.17(b).8 b. By failing to make required disclosures clearly and conspicuously in writing in violation of 15 U.S.C. § 1632(a) and Regulation Z § 226.17(a).9 c. By failing to properly identify property subject to a security interest in violation of 15 U.S.C. § 1638(a)(9) and Regulation Z § 226.18(m).10 d. By failing to include in the finance charge certain charges imposed by defendant payable by plaintiff incident to the extension of credit as required by 15 U.S.C. § 1605 and Regulation Z § 226.4, thus improperly disclosing the finance charge in violation of 15 U.S.C. § 1638(a)(3) and Regulation Z § 226.18(d). 15 U.S.C. § 1667 Consumer Lease.

## COUNT 4

### Violation of FCRA

Judwin Properties, INC obtained and furnished my personal information to the Consumer reporting agencies. 15 U.S.C. § 1681b informs the Consumer and person the permissible purpose of consumer reports. The acts or practices alleged in this complaint constitute violations under the FCRA.

## PRAYER FOR RELIEF

Wherefore, Plaintiff Emmanuel M Lockett, demands judgment against the Defendants herein for: That, for violation of the Truth in Lending Act, the Fair Debt Collection Practices Act, the Fair Credit Reporting Act, and Fair Credit Billing Act.

Actual damages; (a) That, for violation of the Fair Debt Collection Practices Act, Statutory damages pursuant to 15 USC § 1692(k); (b )That, for violation of the Fair Credit Reporting, Actual damages 15 USC § 1681 (h)(c) That, for violation of the Truth in Lending Act 15 U.S. Code§ 1640 - Civil liability (ct) That, for violation of the automatic stay alone, compensation, including, but not limited to damages for emotional distress, Punitive damages and  (e) Any other relief that the court feels is necessary.

Dated: October 19, 2021

Respectfully submitted,

*[signature]*

Emmanuel-Marquis:Lockett

Plaintiff, In Proper Person