IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EMMANUEL M. LOCKETT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-21-3454 |
| | § | |
| JUDWIN PROPERTIES, HOOVER SLOVACEK, HOWARD BOOKSTAFF, RESERVE AT BRAES FOREST, AND DANIEL S. EDMUNDS, | § § § § | |
| | § | |
| Defendants. | § | |

**ORDER**

Emmanuel M. Lockett, representing himself, sued the defendants for violations of the Fair Credit Reporting Act, the Fair Credit Billing Act, the Fair Debt Collection Practice Act, the Truth in Lending Act, mailing threatening communications, contempt, racketeering, and fraud. Lockett filed an amended complaint against all defendants on December 7, 2021, (Docket Entry No. 19). Lockett moves for entry of default against Reserve at Braes Forest and Daniel S. Edmunds. (Docket Entry No. 27). Lockett argues that he served the defendants on December 7, 2021 and they did not respond within 21 days. But Lockett has not shown that Reserve at Braes Forest and Daniel S. Edmunds were properly served with the amended complaint on December 7, 2021.

Lockett filed a proof of service for Reserve at Braes Forest that shows Zinnia Rangel received a subpoena. (Docket Entry No. 20). Rangel is listed on the proof of service as the Manager of Reserve at Braes Forest. (Docket Entry No. 20). Lockett has not provided any evidence to show that Randel is employed by Reserve at Braes Forest, entitled to receive service on its behalf, or that a summons with the amended complaint, rather than a subpoena, was provided to her. The same is true for the return of service for Daniel S. Edmunds. The return of service is

for a subpoena and only lists "Taylor," the "Front Desk Receptionist," as the recipient. (Docket Entry No. 21).

The returns of service for both the Reserve at Braes Forest and Daniel S. Edmunds show "some [facial] defect in service." *Nabulsi v. Nahyan*, No. CIV A H-06-2683, 2009 WL 1658017, at *4 (S.D. Tex. June 12, 2009), *aff'd sub nom. Nabulsi v. Bin Zayed Al Nahyan*, 383 F. App'x 380 (5th Cir. 2010). Without effective service, Lockett cannot seek entry of default.

This is the fourth frivolous motion for entry of default or entry of default judgment filed by Lockett. (Docket Entry Nos. 22, 23, 24, 27). The motion is denied and Lockett is ordered to stop filing motions for entry of default.

SIGNED on January 12, 2022, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge