United States District Court
Southern District of Texas
**ENTERED**
April 13, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EMMANUEL M. LOCKETT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-21-3454 |
| | § | |
| JUDWIN PROPERTIES, HOOVER SLOVACEK, HOWARD BOOKSTAFF, RESERVE AT BRAES FOREST, AND DANIEL S. EDMUNDS, | § § § § | |
| | § | |
| Defendants. | § | |

## ORDER

Emmanuel Lockett rented an apartment that was managed by Judwin Properties. In September 2021, Lockett sent a notice to Judwin Properties arguing that his lease was invalid and requesting a verification that he owed a debt. Lockett was not behind on his rent in September 2021, but he did not pay his rent for October 2021. Without a response to his initial letter, Lockett sent a cease and desist notice to Judwin Properties on October 6, 2021. Judwin's counsel, Howard Bookstaff, responded to Lockett with a verification of delinquency on October 18, 2021. Lockett filed this lawsuit two days later, on October 20, 2021, based on the communication from Bookstaff, asserting claims related to unfair debt collection practices and credit reporting. Lockett sues Judwin Properties, Bookstaff, and Bookstaff's firm, Hoover Slovacek, LLP. The court dismissed Lockett's Truth in Lending Act and the Fair Credit Reporting Act claims, but allowed Lockett to file a response to the defendants' motion to dismiss as to the Fair Debt Collection Practices Act claims.

Lockett alleges that the defendants have violated the Fair Debt Collection Practices Act by continuing to communicate with him following his cease and desist letter, by placing a letter to

vacate his apartment on his apartment door, by calling him and requesting that he vacate the apartment, and by seeking eviction in Texas state court.  The alleged debt verification letter does not give rise to a claim for unfair or abusive debt collection practices under the Fair Debt Collection Practices Act.  15 U.S.C. §§ 1692d; 1692f.  Even if the court considers the allegations related to Lockett's eviction that he raised in response to the motion to dismiss, the eviction efforts were not "collection activity arising from consumer debt."  *Eustice v. Wholesale Coins Direct, LLC*, No. CV H-21-3256, 2022 WL 44053, at *2 (S.D. Tex. Jan. 4, 2022).  A "debt" is defined as:

> any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

15 U.S.C. § 1692a(5).  The defendants were seeking possession of the apartment, not collection of the unpaid rent.  Lockett's allegations do not give rise to a claim under the Fair Debt Collection Practices Act.

The defendants' motion to dismiss, (Docket Entry No. 35), is granted with prejudice.  The plaintiff's motion to strike, (Docket Entry No. 40). is denied.

SIGNED on April 12, 2022, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge